## Di Nubile's License. Appeal of Rocco Di Nubile.

*Liquor law—Refusal of license—Presumption of regularity.*

The record being regular, the appellate court is bound to presume that the reason influencing the license court to refuse an application was a legal one.

Argued Oct. 12, 1899. Appeal, No. 132, Oct. T., 1899, by Rocco Di Nubile, from order of Q. S. Phila. Co., refusing petition for bottler's license. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per Curiam.

Application of Rocco Di Nubile for renewal of bottler's license. Before WILTBANK and McCARTHY, JJ.

It appears from the record that a petition was filed on February 6, 1899. On February 28, 1899, order of the court filed as follows:

The court will convene in the quarter sessions court, room 676, city hall, Broad and Market streets, on Monday, March 6, 1899, at 10 o'clock A. M., to hear applications for licenses and remonstrances against the granting of licenses, and will continue to sit from day to day until the list is disposed of.

Those to whom licenses were granted last year or to whom licenses have been since transferred, against whom no specific remonstrance has been filed, will be presumed to be entitled to new licenses, if applying for the same place.

Cases in which specific remonstrances have been filed or in which a person now holding a license applies for a new place or in which a place now licensed is applied for by a new applicant, will be heard in their order.

All remonstrances against the granting of licenses shall be in writing and shall be verified by affidavit.

An order will be made hereafter for the hearing of applications for wholesale licenses.

On Monday, March 6, 1899, the first and second wards will alone be heard.

The court will not take cognizance of letters addressed to the judges individually upon the subjects of the granting or the refusal of licenses, but recommendations, as well as remonstrances, should be presented orally in open court at the hearing or filed in writing, according to rule, with the clerk of the court of quarter sessions.

March 24, remonstrance filed as follows:

. The said applicant is not a person of good moral character, in this, that while licensed as a bottler we are informed and expect to prove that he has sold or furnished liquor to a person or persons who maintain an illegal place or places where liquor was sold without a license. The following places are specified, viz: 736 South Seventh street, 775 South Seventh street, 911 South Eighth street, 1016 South Ninth street, 407 South Fifth street, 1543 Parrish street, 1537 Ridge avenue.

Further, there are witnesses who will be present in court to testify in support of the above charges, but who have not given us the particulars.

March 28, petition and remonstrance heard and held under advisement. April 29, petition refused. May 6, petition for rehearing filed. May 6, petition dismissed. Rocco Di Nubile appealed.

*Errors assigned* were (1) in refusing the petition of Rocco Di Nubile for a bottler's license at 719 Fitzwater street, for the year commencing June 1, 1899.   (2) In refusing the petition of Rocco Di Nubile for a bottler's license upon the sole ground that he had sold or furnished liquor to a person or persons who maintained illegal places, there being no averment or proof of knowledge on the part of the applicant that the person or per-

571, (1899).] Assignment of Errors—Opinion of the Court.

sons to whom he sold kept or intended to keep illegal places. (3) In refusing the petition of Rocco Di Nubile for a bottler's license after the promulgation of a rule that the applicant would only be required to meet specific written remonstrances, there being but one specific remonstrance and that not alleging a sufficient ground for refusal.

*John G. Johnson*, with him *Samuel P. Tull*, for appellant.—"An abuse of discretion is not a proceeding according to law, but is contrary to law." And this sentence sums up in a few words the modern doctrine as to a review of the discretionary power of a court. If the exercise of such power appears to be arbitrary, it will be reviewed. If it is the reasonable exercise of discretion, it will not: Pollard's Petition, 127 Pa. 507; Johnson's License, 156 Pa. 322; Gemas's License, 169 Pa. 43; Com. v. Phila., 176 Pa. 588.

Applying this principle to the present case, we find that the court announced, and properly announced, that in the case of an existing license—an established business—a renewal would not be refused except upon specific written charges. One specific charge was made. The court refused the license. It follows necessarily either that the court refused the license upon this ground or else that, in violation of its own rule, and after leading the applicant to believe that it would consider only the written charge, it arbitrarily refused the license upon other grounds not communicated to petitioner.

*Lewis D. Vail* and *D. C. Gibboney*, for appellee, filed no paperbook.

PER CURIAM, November 20, 1899:

All the questions requiring discussion here have been considered in the opinion this day filed in Quinn's Appeal, ante, p. 554, Netter's Appeal, ante, p. 566, and Hilleman's Appeal, ante, p. 567. The record is regular in every respect. We have no means of knowing what was the evidence given on the hearing, or the reason which influenced the court in refusing the license. We are bound, therefore, to presume that it was a legal reason.

The order is affirmed.